# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

ADRIAN SLAUGHTER

VERSUS

BEAUREGARD TORRES, III

CIVIL ACTION

NO. 18-362-JWD-EWD

## RULING AND ORDER ON MOTION TO
## DISMISS SECOND AMENDED COMPLAINT (DOC. 59)

This matter comes before the Court on the *Motion to Dismiss Second Amended Complaint* (Doc. 59) filed by defendant, Beauregard Torres, III, ("Defendant"). Plaintiff Adrian Slaughter ("Plaintiff") opposes the motion. (Doc. 61.) Defendant has filed a reply. (Doc. 65.) Oral argument is not necessary. The Court has carefully considered the law, the facts in the record, and the arguments and submissions of the parties and is prepared to rule. For the following reasons, Defendant's motion is granted.

### I.    Relevant Factual and Procedural Background

### A.  Allegations of the Second Amended Complaint (Doc. 58)

The following facts are taken from the *Second Amended Complaint* ("*SAC*"), Doc. 58. They are assumed to be true for purposes of this motion, with reasonable inferences drawn in favor of Plaintiff. *Thompson v. City of Waco*, *Tex.*, 764 F.3d 500, 502–03 (5th Cir. 2014).

Plaintiff is an African-American male and former employee of the Pointe Coupee Parish Sheriff's Office ("PCPSO"). (*Id.* ¶ 4.) Defendant was, at all times relevant to this suit, the Sheriff of Pointe Coupe Parish. (*Id.* ¶ 5.)

In early March 2017, Defendant learned that Plaintiff wanted to run for Sheriff, and Defendant then accused Plaintiff of "filing false work time records." (*Id.* ¶¶ 15–18.) Defendant

refused to provide documentation for the accusation and tried to force Plaintiff to quit. (*Id.* ¶¶ 20–24.)  Plaintiff refused. (*Id.* ¶ 25.)

Around March 23, 2017, Defendant arrested Plaintiff and charged him with sixteen counts alleging payroll fraud and malfeasance in office. (*Id.* ¶ 26.)  On March 31, 2017, Plaintiff was terminated from the PCPSO. (*Id.* ¶ 29.)

Plaintiff asserts two counts in the *SAC:* (1) discrimination on the basis of race and/or disparate treatment in violation of 42 U.S.C. § 1981 (and possibly Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII")),[1] and (2) false arrest. (*SAC* ¶¶ 38–63, Doc. 58.)

As to disparate treatment, Plaintiff points to "Renee Thibodeaux, a white officer, employed in school resource, who is situated similarly to Plaintiff in rank and file, works straight days and takes vacation time to work at the same hospital that Plaintiff was accused of working at while on the clock with the Sheriff's Office." (*Id.* ¶ 30.)  According to the *SAC*, "Thibodeaux has never been accused of filing false time records or engaging in any kind of malfeasant conduct," nor has he been questioned about his ability to work at the hospital, nor has he been criminally accused like Plaintiff. (*Id.* ¶¶ 31–32.)  Plaintiff also alleges that he recorded a conversation of other white officers complaining about Defendant hiring Plaintiff and other minorities "in commanding capacities," that he brought this to Defendant's attention, and that Defendant did nothing in response. (*Id.* ¶¶ 33–36.)  Plaintiff alleges that "Defendant relied upon false and unverified information presented to him to accuse Plaintiff of filing false work time records," and other similarly situated white officers were not subjected to criminal or administrative liability. (*Id.* ¶¶ 39–44.)

---

[1] Title VII is not listed in Count I, but the statute is mentioned in the Damages portion of Plaintiff's *SAC*. (*Compare SAC* ¶¶ 38–44, Doc. 58, *with id.* ¶ 68.)

As to false arrest, Plaintiff claims that Defendant knew the criminal charges were false because other white officers were engaged in the same conduct yet were not prosecuted. (*Id.* ¶ 46.) Despite this, "Defendant caused Plaintiff to be falsely charged with a criminal offense." (*Id.* ¶ 47.) Plaintiff details all of the local and national media coverage to which he was subjected because of his arrest. (*Id.* ¶¶ 54–59.)  Further, while Defendant turned his purported findings over to the Attorney General's ("AG's") office, he "failed to advance the case" with that office, and the case was ultimately dismissed because Defendant invoked his Fifth Amendment privilege not to testify. (*Id.* ¶¶ 53, 60–63.)

### B.  The Court's Prior Ruling

Defendant previously moved to dismiss pursuant to Rule 12(b)(6). (Doc. 44.)  On March 22, 2022, this Court granted the motion in part and denied it in part. *Slaughter v. Torres*, 592 F. Supp. 3d 515 (M.D. La. 2022), Doc. 57. In sum, the motion was granted in that all of Plaintiff's claims were dismissed, except those under § 1983 against Defendant in his official capacity. *Id.* at 531.  In that one respect, the motion was denied without prejudice. *Id.*  Because the Court's reasoning in that ruling will be particularly relevant to its analysis of the instant motion, a detailed discussion is warranted.

Relevant here, the Court began by determining whether to consider certain documents which the parties attached to their motion and opposition, including Defendant's Arrest Warrant and Affidavit of Arrest and including documents obtained by Plaintiff's counsel from the AG's office. *See id.* at 520–21. The parties attach the same documents to the instant motion and opposition, (*compare* Doc. 44-3, *with* Doc. 59-2; *compare also* Doc. 46–1, *with* Doc. 61-1), so the analysis applies again with equal vigor.  In the prior ruling, this Court explained:

> Defendant moves this Court to dismiss Plaintiff's Amended
> Complaint under Federal Rule of Civil Procedure 12(b)(6). (Doc.

3

44.) In support of his motion, Defendant attaches as Exhibit A five pages of documents from Plaintiff's state court proceedings for the criminal charges, including the affidavit and warrant for Plaintiff's arrest. (Doc. 44-3.) Defendant argues that the Court may consider Exhibit A because these documents were incorporated into the Amended Complaint by reference and concern matters of which the Court may take judicial notice. (Doc. 44-2 at 3–4.) Plaintiff objects to consideration of Defendant's exhibit, ostensibly because the substance of Defendant's arguments that rely on Exhibit A are not referenced in the Amended Complaint, though Plaintiff's position is unclear from his opposition. (*See* Doc. 46 at 3.)

Plaintiff similarly attaches 119 pages of documents as Exhibits 1, 2, and 3 to his opposition. (Doc. 46-1.) These exhibits include documents from the Attorney General's Office, such as responses to a public records request for file materials from its investigation of Plaintiff, correspondence with defense counsel, and a press release. (*See id.*) Defendant does not object to Plaintiff's exhibits in his reply. (*See* Doc. 47.)

Preliminarily, the Court must determine whether to consider the parties' respective exhibits. In general, pursuant to Rule 12(d), "[i]f, on a motion under Rule 12(b)(6)[,] . . . matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d); *see also United States v. Rogers Cartage Co.*, 794 F.3d 854, 861 (7th Cir. 2015). There are some exceptions to this standard, however. On a motion to dismiss, the court may consider "the complaint, its proper attachments, 'documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.' " *Innova Hosp. San Antonio, Ltd. P'ship v. Blue Cross & Blue Shield of Georgia, Inc.*, 892 F.3d 719, 726 (5th Cir. June 12, 2018) (quoting *Wolcott v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011)).

As the Fifth Circuit has explained, "[i]f the district court does not rely on materials in the record, such as affidavits, it need not convert a motion to dismiss into one for summary judgment." *U.S. ex rel. Long v. GSDMIdea City, L.L.C.*, 798 F.3d 265, 275 (5th Cir. 2015) (citing *Davis v. Bayless*, 70 F.3d 367, 372 n.3 (5th Cir. 1995)). "[T]he mere submission [or service] of extraneous materials does not by itself convert a Rule 12(b)(6) motion into a motion for summary judgment." *Id.* (quoting *Finley Lines Joint Protective Bd. v. Norfolk S. Corp.*, 109 F.3d 993, 996 (4th Cir. 1997) (internal quotation marks omitted) (second alteration in original)). A district court, moreover, enjoys broad discretion in deciding whether to treat

a motion to dismiss as a motion for summary judgment. *See St. Paul Ins. Co. v. AFIA Worldwide Ins. Co.*, 937 F.2d 274, 280 n.6 (5th Cir. 1991).

The Fifth Circuit has recognized a limited exception to the general rules under Federal Rule of Civil Procedure 12(d) and related jurisprudence. The Fifth Circuit has approved district courts' consideration of documents attached to a motion to dismiss, when such documents are referred to in the plaintiff's complaint and are central to the plaintiff's claim. *See Werner v. Dept. of Homeland Sec.*, 441 F. App'x 246, 248 (5th Cir. 2011); *Scanlan v. Texas A&M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000).

The Court notes that some of the documents attached as exhibits are not referenced in the Plaintiff's Amended Complaint and are not necessary for this Court to decide the present motion. Nevertheless, the Court will consider the parties' exhibits, as they are public records of which the Court may take judicial notice. *See Frampton v. City of Baton Rouge/Par. of E. Baton Rouge*, No. 21-CV-362-JWD-SDJ, 2022 WL 90238, at *6 n.67 (M.D. La. Jan. 7, 2022) (taking judicial notice of Court document as matter of public record in ruling on motion to dismiss under Fed. R. Civ. P. 12(b)(1) and 12(b)(6)) (citing *Fetty v. La. State Bd. of Priv. Sec. Exam'rs*, CV No. 18-517-JWD-EWD, 2020 WL 448231, at *8 (M.D. La. Jan. 28, 2020); *Duncan v. Heinrich*, 591 B.R. 652, 655 n.2 (M.D. La. 2018)). As such, the Court will not convert Defendant's Rule 12(b)(6) motion into a motion for summary judgment.

*Slaughter*, 592 F. Supp. 3d at 520–21.

The Court later dismissed Plaintiff's false arrest claim based on the independent intermediary doctrine, stating:

> "Qualified immunity protects government officials from civil liability in their individual capacity to the extent that their conduct does not violate clearly established statutory or constitutional rights." *Garcia v. Blevins*, 957 F.3d 596, 600 (5th Cir. 2020), *cert denied*, ––– U.S. ––––, 141 S. Ct. 1058 [ ] (2021) (quoting *Cass v. City of Abilene*, 814 F.3d 721, 728 (5th Cir. 2016)). "It shields 'all but the plainly incompetent or those who knowingly violate the law.' " *Id.* (quoting *Thompson v. Mercer*, 762 F.3d 433, 437 (5th Cir. 2014)).

To rebut Defendant's qualified immunity defense, Plaintiff must establish "(1) that [Defendant] violated a federal statutory or constitutional right and (2) that the unlawfulness of the conduct was 'clearly established at the time.' " *Cloud v. Stone*, 993 F.3d 379, 383 (5th Cir. 2021) (quoting *Rich v. Palko*, 920 F.3d 288, 294 (5th Cir. 2019)). "[The Court] can analyze the prongs in either order or resolve the case on a single prong." *Id.* (quoting *Garcia*, 957 F.3d at 600).

The Fourth Amendment right to be free from false arrest is clearly established. *See Club Retro, L.L.C. v. Hilton*, 568 F.3d 181, 206 (5th Cir. 2009) ("The Fourth Amendment right to be free from false arrest—arrest without probable cause—was clearly established at the time of [the plaintiffs'] arrests." (citing *Gerstein v. Pugh*, 420 U.S. 103, 111–12 [ ] (1975)); *Thomas v. Kippermann*, 846 F.2d 1009, 1011 (5th Cir. 1988)). But "[w]here an arrest is made under authority of a properly issued warrant, the arrest is simply not a false arrest. Such an arrest is not unconstitutional, and a complaint based on such an arrest is subject to dismissal for failure to state a claim." *Smith v. Gonzales*, 670 F.2d 522, 526 (5th Cir. 1982) (citations omitted), *cert. denied*, 459 U.S. 1005 [ ] (1983).

"It is well settled that if facts supporting an arrest are placed before an independent intermediary such as a magistrate or grand jury, the intermediary's decision breaks the chain of causation for false arrest, insulating" the arresting officer. *Curtis v. Sowell*, 761 Fed. Appx. 302, 304 (5th Cir. 2019) (quoting *Taylor v. Gregg*, 36 F.3d 453, 456 (5th Cir. 1994)), *overruled on other grounds by Castellano v. Fragozo*, 352 F.3d 939 (5th Cir. 2003) (en banc). Fifth Circuit precedents have applied this rule "even if the arrestee was never convicted of a crime." *Curtis*, 761 Fed. Appx. at 304 (citing *Buehler v. City of Austin/Austin Police Dep't*, 824 F.3d 548, 554 (5th Cir. 2016)). The Fifth Circuit has recognized, however, that this shield against liability is not absolute:

> There is an exception to the independent intermediary rule "if the plaintiff shows that 'the deliberations of that intermediary were in some way tainted by the actions of the defendant.' " *Deville v. Marcantel*, 567 F.3d 156, 170 (5th Cir. 2009) (quoting *Hand v. Gary*, 838 F.2d 1420, 1428 (5th Cir. 1988)). "[B]ecause the intermediary's deliberations protect even officers with malicious intent," *Buehler*, 824 F.3d at 555, "a plaintiff must show that the [officer's] malicious motive led the [officer] to withhold relevant information or

> otherwise misdirect the independent intermediary by omission or commission. *McLin* [*v. Ard*], 866 F.3d [682,] 689 [(5th Cir. 2017)]. When analyzing allegations of taint at the motion to dismiss stage, " 'mere allegations of 'taint,' " *Cuadra v. Hous. Indep. Sch. Dist.*, 626 F.3d 808, 813 (5th Cir. 2010) (quotation omitted), "may be adequate to survive a motion to dismiss where the complaint alleges other facts supporting the inference." *McLin*, 866 F.3d at 690.

*Curtis*, 761 Fed. Appx. at 304–05.

> Here, the Amended Complaint does not allege that Defendant deceived or withheld material information from the state court judge who found probable cause to arrest Plaintiff. *See Curtis*, 761 Fed. Appx. at 305. Rather, the Amended Complaint alleges that "Defendant caused Plaintiff to be falsely charged with a criminal offense," and ultimately arrested in March 2017, even though "Defendant knew that the charges leveled against Plaintiff were false." (*See* Doc. 41 at 6.) Yet these allegations, even when viewed in a light most favorable to Plaintiff and drawing all inferences in his favor, fail to establish that the state court judge's probable cause determination was tainted by the Defendant's actions. In sum, the state court judge's independent finding of probable cause for the arrest warrant broke the chain of causation for Plaintiff's false arrest claim. Consequently, the false arrest claim cannot serve as the basis for a Section 1983 action against Defendant. Moreover, because Plaintiff failed to establish the violation of a federal right, Defendant is entitled to qualified immunity, and Plaintiff's false arrest claim against Defendant will be dismissed.

*Slaughter*, 592 F. Supp. 3d at 526–27.

Also pertinent here, the Court dismissed Plaintiff's § 1981 and Title VII claims on the grounds of waiver:

> Plaintiff's opposition failed to respond to Defendant's arguments regarding dismissal of any false arrests claim arising under the Fourteenth Amendment, Section 1981, or Section 1983; dismissal of employment discrimination claims under Sections 1981 or 1983; dismissal of any Title VII claims; and dismissal of the defamation claims, whether brought under state tort law or Section 1983, as time-barred.

"The Fifth Circuit makes it clear that when a party does not address an issue in his brief to the district court, that failure constitutes a waiver on appeal." *JMCB, LLC v. Bd. of Commerce & Indus.*, 336 F. Supp. 3d 620, 634 (M.D. La. 2018) (deGravelles, J.) (quoting *Magee v. Life Ins. Co. of N. Am.*, 261 F. Supp. 2d 738, 748 n.10 (S.D. Tex. 2003)); *see also United States ex rel. Wuestenhoefer v. Jefferson*, 105 F. Supp. 3d 641, 672 (N.D. Miss. 2015) ("This failure to develop the relevant argument effectively represents a waiver of the point." (citing *United States v. Dominguez-Chavez*, 300 F. App'x 312, 313 (5th Cir. 2008); *El-Moussa v. Holder*, 569 F.3d 250, 257 (6th Cir. 2009))); *United States v. Reagan*, 596 F.3d 251, 254 (5th Cir. 2010) (explaining that the defendant's failure to offer any "arguments or explanation . . . is a failure to brief and constitutes waiver"); *JTB Tools & Oilfield Servs., L.L.C. v. United States*, 831 F.3d 597, 601 (5th Cir. 2016) (stating that, "[t]o avoid waiver, a party must identify relevant legal standards and 'any relevant Fifth Circuit cases' " and holding that, because appellant "fail[ed] to do either with regard to its underlying claims, . . . those claims [were] inadequately briefed and therefore waived").

"By analogy, failure to brief an argument in the district court waives that argument in that court." *JMCB*, 336 F. Supp. 3d at 634 (quoting *Magee*, 261 F. Supp. 2d at 748 n. 10); *Kellam v. Servs.*, No. 12-352, 2013 WL 12093753, at *3 (N.D. Tex. May 31, 2013) ("Generally, the failure to respond to arguments constitutes abandonment or waiver of the issue." (citations omitted)), *aff'd sub nom., Kellam v. Metrocare Servs.*, 560 F. App'x 360 (5th Cir. 2014); *Mayo v. Halliburton Co.*, No. 10-1951, 2010 WL 4366908, at *5 (S.D. Tex. Oct. 26, 2010) (granting motion to dismiss breach of contract claim because plaintiff failed to respond to defendants' motion to dismiss on this issue and thus waived the argument).

Consequently, because Plaintiff failed to meaningfully oppose Defendant's motions on the above-referenced issues, the Court will grant Defendant's motions on those claims on the grounds of waiver. *See JMCB*, 336 F. Supp. 3d at 634 (finding that the operative complaint could be dismissed because plaintiff failed to respond to the substance of defendant's arguments); *Apollo Energy, LLC v. Certain Underwriters at Lloyd's, London*, 387 F. Supp. 3d 663, 672 (M.D. La. 2019) (deGravelles, J.) (finding that policy exclusion could apply because plaintiff failed to oppose insurer's argument on the issue); *see also Wuestenhoefer*, 105 F. Supp. 3d at 672 (finding that relator waived argument as to how certain write-offs fell within a particular provision of the False Claims Act).

*Slaughter*, 592 F. Supp. 3d at 529–30.

Finally, the Court noted how, even if there were no waiver, the false arrest and Title VII

claims would be subject to dismissal:

> Even if Plaintiff had not waived his false arrest claim, the Court
> finds Defendant's argument regarding the independent intermediary
> doctrine persuasive. (*See* Doc. 44-2 at 5–6, 9.) According to the
> arrest documents attached with Defendant's motion, the facts
> supporting Plaintiff's arrest were placed before an independent
> intermediary, *i.e.*, the state court judge. (Doc. 44-3 at 1.)
> Consequently, this state court judge's decision to issue the warrant
> broke the chain of causation for false arrest, and Plaintiff has not
> alleged any facts to defeat application of the independent
> intermediary doctrine. *See Anokwuru v. City of Hous.*, 990 F.3d 956,
> 963–64 (5th Cir. 2021). . . .
>
> Even if Plaintiff had not waived his Title VII claim, the Court notes
> that dismissal of this claim would still be warranted. The Fifth
> Circuit has repeatedly rejected individual liability under Title
> VII. *See Baldwin v. Layton*, 300 Fed.Appx. 321, 323 (5th Cir. 2008)
> (citing *Ackel v. Nat'l Commc'ns, Inc.*, 339 F.3d 376, 382 n.1 (5th
> Cir. 2003)) ("Individuals are not liable under Title VII in either their
> individual or official capacities."); *Smith v. Amedisys, Inc.*, 298 F.3d
> 434, 448 (5th Cir. 2002) ("This circuit has held that there is no
> individual liability for employees under Title VII."). Moreover,
> under Title VII, a private plaintiff must exhaust his administrative
> remedies by timely filing a charge with the EEOC and receiving a
> right-to-sue notice before seeking relief from the Court. *Taylor v.
> Books A Million, Inc.*, 296 F.3d 376, 378–79 (5th Cir. 2002); 42
> U.S.C. § 2000e-5(f)(1). Yet the Amended Complaint does not
> reflect that a Charge of Discrimination was filed with the EEOC
> before Plaintiff filed suit, as Defendant correctly notes in his original
> memorandum. (*See* Doc. 44-2 at 10.)

*Slaughter*, 592 F. Supp. 3d at 530 nn.3-4.

## II.    Rule 12(b)(6) Standard

In *Erickson v. Pardus*, 551 U.S. 89 (2007), the Supreme Court explained:

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and
> plain statement of the claim showing that the pleader is entitled to
> relief." Specific facts are not necessary; the statement need only
> " 'give the defendant fair notice of what the . . . claim is and the
> grounds upon which it rests.' "

*Id.* at 93 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Interpreting Rule 8(a) and *Twombly*, the Fifth Circuit explained:

> The complaint (1) on its face (2) must contain enough factual matter (taken as true) (3) to raise a reasonable hope or expectation (4) that discovery will reveal relevant evidence of each element of a claim. "Asking for [such] plausible grounds to infer [the element of a claim] *does not impose a probability requirement* at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal [that the elements of the claim existed]."

*Lormand v. US Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009) (quoting *Twombly*, 550

U.S. at 545) (emphasis added by *Lormand*)).

Later, in *In re Great Lakes Dredge & Dock Co. LLC.*, 624 F.3d 201 (5th Cir. 2010), the

Fifth Circuit explained:

> To avoid dismissal [under Fed. R. Civ. P. 12(b)(6)], "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662 [ ] (2009) (quoting [*Twombly*, 550 U.S. 544]). To be plausible, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 [ ]. In deciding whether the complaint states a valid claim for relief, we accept all well-pleaded facts as true and construe the complaint in the light most favorable to the plaintiff. [*Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008)] (citing [*Hughes v. Tobacco Inst., Inc.*, 278 F.3d 417, 420 (5th Cir. 2001)]). We do not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007) (quoting *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)); *see also Iqbal*, 129 S. Ct. at 1940 ("While legal conclusions can provide the complaint's framework, they must be supported by factual allegations.").

*Id.* at 210.

Analyzing the above case law, our brother in the Western District stated:

> Therefore, while the court is not to give the "assumption of truth" to conclusions, factual allegations remain so entitled. Once those factual allegations are identified, drawing on the court's judicial

> experience and common sense, the analysis is whether those facts, which need not be detailed or specific, allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 129 S. Ct. at 1949, *Twombly*, 555 U.S. at 556, [ ]. This analysis is not substantively different from that set forth in *Lormand*, *supra*, nor does this jurisprudence foreclose the option that discovery must be undertaken in order to raise relevant information to support an element of the claim. The standard, under the specific language of Fed. Rule Civ. P. 8(a)(2), remains that the defendant be given adequate notice of the claim and the grounds upon which it is based. This standard is met by the "reasonable inference" the court must make that, with or without discovery, the facts set forth a plausible claim for relief under a particular theory of law provided there is a "reasonable expectation" that "discovery will reveal relevant evidence of each element of the claim." *Lormand*, 565 F.3d at 257; *Twombly*, 555 U.S. at 556 [ ].

*Diamond Servs. Corp. v. Oceanografia, S.A. De C.V.*, No. 10-177, 2011 WL 938785, at *3 (W.D. La. Feb. 9, 2011) (citation omitted).

Afterward, in *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787 (5th Cir. 2011), the Fifth Circuit explained:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim for relief is plausible on its face when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. A claim for relief is implausible on its face when the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.

*Id.* at 796 (cleaned up).

Finally, in *Thompson v. City of Waco, Texas*, the Fifth Circuit recently summarized the Rule 12(b)(6) standard as thus:

> We accept all well-pleaded facts as true and view all facts in the light most favorable to the plaintiff. We need not, however, accept the plaintiff's legal conclusions as true. To survive dismissal, a plaintiff must plead enough facts to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

> reasonable inference that the defendant is liable for the misconduct
> alleged.  Our task, then, is to determine whether the plaintiff stated
> a legally cognizable claim that is plausible, not to evaluate the
> plaintiff's likelihood of success.

764 F.3d at 502–503 (cleaned up).

## III.   Discussion

### A.   Parties' Arguments

#### *1. Defendant's Memorandum in Support (Doc. 59-1)*

Defendant urges dismissal of all of Plaintiff's claims with prejudice. (Doc. 59-1 at 20.)  As to the false arrest claim, Defendant asserts that the independent intermediary doctrine applies; "[t]he attached affidavit of arrest establishes that Defendant was not directly involved in the decision to arrest Plaintiff because [ ] all possible criminal issues related to Plaintiff were given to an independent decisionmaker to investigate and determine next steps." (*Id.* at 10.)  A Special Agent with the AG's office conducted the investigation, and a state court judge found the information sufficient to obtain an arrest warrant. (*Id.*)  Thus, the chain of causation was broken. (*Id.*)  The Court previously held that the last complaint did "not allege that Defendant deceived or withheld material information from the state court judge who found probable cause to arrest Plaintiff," and nothing has substantially changed since the last ruling. (*Id.* at 10–11 (quoting *Slaughter*, 592 F. Supp. 3d at 527).)

Defendant then turns to the § 1983 official capacity claim for false arrest. (*Id.* at 11.)  After laying out the elements of this claim, Defendant explains how Plaintiff has not identified a policy or custom at issue, nor is there an underlying constitutional violation. (*Id.* at 11–13.)

Defendant next moves to Title VII. (*Id.* at 13–14.)  These claims should be dismissed (1) as waived, (2) for failure to exhaust, and (3) because individual liability is not allowed. (*Id.* at 13–14.)

Finally, as to § 1981, Defendant contends that the claims should be dismissed (1) as waived; (2) because a § 1981 claim for damages requires a claim under § 1983, and Plaintiff does not assert such a claim; (3) there is no individual capacity claim against a government official, and, in any event, Plaintiff has not overcome qualified immunity; and (4) Plaintiff has not shown that, "but for his race," he would not have suffered any administrative or criminal ramifications. (*Id.* at 14–17.)  On this last point, allegations of discrimination fail because (a) Plaintiff's claim that Thibodeaux was of comparable rank and file are conclusory; (b) Thibodeaux engaged in different conduct by using vacation time to work at the hospital; and (c) the *SAC* itself indicates that Plaintiff was terminated because he was going to run against Defendant in the Sheriff's race. (*Id.* at 17–19.) There is also no official capacity claim under § 1981 because, *inter alia*, Plaintiff must show moving-force causation, and he has failed to do so. (*Id.*)

### 2. Plaintiff's Opposition (Doc. 61)

Plaintiff begins his opposition by asserting that, under the doctrine of collateral estoppel, Defendant is barred from urging positions which this Court already rejected. (Doc. 61 at 1–2.) Defendant has offered no new arguments to those previously advanced and denied by the Court. (*Id.* at 2.)

Plaintiff next states that Defendant improperly relies on documents beyond the scope of the *SAC*. (*Id.* at 3.)  According to Plaintiff, Defendant relies on the AG's report, but "the uncorroborated allegations in the [AG's] report should be discounted, no – ignored completely – because Sheriff Torres pled the Fifth Amendment which choked the life out of the [AG's] investigation." (*Id.*)  Defendant himself signed most of the time sheets in the AG's documents, which shows a lack of due diligence, and the last two pages show that the AG's office determined

that "No further action is needed." (*Id.* at 3–4.)  Further, other exhibits show that the only reason

the AG did not pursue the claim because Defendant refused to testify. (*Id.* at 4–5.)

> To prevail in his claim for qualified immunity, plaintiff meets his burden because Torres' actions were clearly and unambiguously prohibited so much so that reasonable official would know his actions violate the law. *Ashcroft v. al-Kidd*, 563 U.S. 731 (2011). Again, the conduct complained about is the intentional act of making false claims about timesheets he approved, reporting the false allegations to the Attorney General, staging a public "spectacle" arrest scene, then refusing to testify to give credibility to the claims. Such actions are wanton, reckless and should strip defendant from any all immunity.

(*Id.* at 5.)  Plaintiff then points to other times in the exhibits where Defendant's use of the Fifth

was "fatal to the State's prosecution." (*Id.* at 5–6.)

Plaintiff next highlights the fact that a party pleading the Fifth in a civil case can lead to

disqualification of his testimony or an adverse inference. (*Id.* at 6–8.)  Plaintiff finally closes:

> In conclusion, for the reasons set forth above, Adrian Slaughter respectfully requests this Court deny Sheriff Torres' second motion to dismiss amended complaint because there is no one who is prepared/qualified to back up the allegations. Torres invoked his 5th amendment right of silence, leaving the unsupported claims and scurrilous allegations hanging against plaintiff for the rest of plaintiff's life.

(*Id.* at 8.)

### 3. Defendant's Reply (Doc. 65)

Defendant replies that issue preclusion does not apply. (Doc. 65 at 1.)  Defendant is not

asserting arguments that this Court rejected, and, in fact, the Court previously granted its motion

almost in full. (*Id.* at 1–2.)

Next, Plaintiff essentially waived opposition to Defendant's motion.  Defendant submitted

a twenty-page brief specifically addressing "Section 1983 individual capacity false arrest claims;

Section 1983 official capacity false arrest claims; Title VII claims; and Section 1981 employment

discrimination claim. Plaintiff fails to meaningfully address these arguments." (*Id.* at 2.)  Just as the Court granted Defendant's last motion in large part on the grounds of waiver, so too should this motion be granted for that reason. (*Id.* at 2–3.)

Defendant then argues that Defendant's invocation of his Fifth Amendment right has no bearing at this stage. (*Id.* at 3.)  Plaintiff's allegation that Defendant was under investigation and caused the Attorney General to dismiss the charges "are not relevant to this Court's determination as to whether Plaintiff has alleged sufficient facts to state a claim against Defendant for false arrest under Section 1983 or for employment discrimination under Section 1981 or Title VII." (*Id.* at 3–4.)   Plaintiff's claim of false arrest remains fatally deficient, and he has not overcome qualified immunity. (*Id.* at 4–5.)  Plaintiff's case law about adverse inferences is inapposite, and, in any event, Defendant has not invoked his Fifth Amendment right in this case. (*Id.* at 5–6.)

Likewise, the fact that Defendant's accusation about the time sheets cannot be corroborated because of Defendant's pleading the Fifth is irrelevant to the question of whether Plaintiff stated a viable claim. (*Id.* at 6.)

> Plaintiff's premise is flawed. There is no evidence that others at the Sheriff's Office could not explain the reasons and basis for reporting the alleged fraudulent payroll activities to the authorities. In addition, the burden of proof at a criminal trial is not the same as the burden of proof in this civil matter as to Plaintiff's claims for false arrest. Defendant's invoking his Fifth Amendment right not to testify at Plaintiff's criminal trial has no bearing on Defendant's motion to dismiss.

(*Id.*)  For all these reasons, Defendant states that his motion should be granted, and Plaintiff's claims should be dismissed with prejudice. (*Id.* at 7.)

### B.  Law and Analysis

Having carefully considered the matter, the Court will grant Defendant's motion in full. The Court begins with two preliminary points.

15

First, Plaintiff asserts that issue preclusion and the Court's prior rejection of Defendant's arguments prevent the Court from dismissing Plaintiff's claims at this stage. Putting aside the fact that an interlocutory order like the Court's prior ruling "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities," Fed. R. Civ. P. 54(b), here, Plaintiff completely misrepresents the substance of the Court's prior ruling. Contrary to Plaintiff's position, and as demonstrated above, it was the *Defendant* who prevailed in the last motion, almost completely. *See Slaughter*, 592 F. Supp. 3d at 531. Thus, on the question of issue preclusion, Plaintiff is wrong as a matter of law and as a matter of fact.

Second, Plaintiff has failed to meaningfully oppose or respond to the substance of any of Defendant's arguments made in the instant motion. Rather, as reflected above, Plaintiff devotes most of his briefing to the AG's documents and Fifth Amendment, both of which are largely irrelevant to the present motion. (*See* Doc. 61.) Accordingly, on this ground alone, Defendant's motion could be granted, and Plaintiff's claims could be dismissed as waived. *See Slaughter*, 592 F. Supp. 3d at 529–30 (collecting authorities on waiver).

Even putting this aside, most of Plaintiff's claims would be subject to dismissal on the merits anyway. As to the false arrest claim made against Defendant in his individual capacity, both parties submit in their exhibits the Warrant of Arrest and Affidavit of Arrest, (Doc. 59-2 at 1–3; Doc. 61-1 at 29–31), which this Court can consider, *Slaughter*, 592 F. Supp. 3d at 520–21, and these documents show (a) that a Special Agent with AG's office laid out the facts supporting Plaintiff's arrest to an independent intermediary, and (b) that a warrant was issued by that neutral state court judge based on those facts. (*See* Doc. 59-2 at 1–3; Doc. 61-1 at 29–31.) Further:

> There is an exception to the independent intermediary rule if the plaintiff shows that the deliberations of that intermediary were in some way tainted by the actions of the defendant. Because the intermediary's deliberations protect even officers with malicious

> intent, a plaintiff must show that the officer's malicious motive led
> the officer to withhold relevant information or otherwise misdirect
> the independent intermediary by omission or commission.

*Slaughter*, 592 F. Supp. 3d at 527 (quoting *Curtis*, 761 F. App'x at 304–05 (cleaned up)).  Here, Plaintiff does not allege any non-conclusory facts, even on information and belief, from which the inference can be made that the information presented by the AG's Special Agent to the state court judge was somehow tainted by any conduct of Defendant. (*See SAC* ¶¶ 45–63, Doc. 58.)[2]  Without more, this false arrest claim fails. *See Slaughter,* 592 F. Supp. 3d at 526–27, 529–30 n.3.

Likewise, any § 1983 claim made against Defendant in his official capacity must also be dismissed.  In short, any such claim falls without an underlying constitutional violation. *See id.* at 528 n.2 (collecting cases); *see also Whitley v. Hanna*, 726 F.3d 631, 648–49 (5th Cir. 2013) (finding that official capacity "claims fail without an underlying constitutional violation" (citing *Bustos v. Martini Club Inc.*, 599 F.3d 458, 467 (5th Cir. 2010) ("Because [plaintiff] has alleged no constitutional injury attributable to the Officers, [plaintiff] has failed to state a claim that a City policy was the moving force behind a violation of his constitutional rights."))).

Similarly, even if Plaintiff had not waived his Title VII claim, that cause of action would be subject to dismissal too.  Again, Plaintiff (1) has no claim for individual liability under Title VII, and (2) did not establish that he exhausted his administrative remedies. *See Slaughter,* 592 F. Supp. 3d at 529–30 n.4.

Plaintiff's § 1981 claim presents a closer call for a few reasons.  First, the *SAC* is lacking in proper comparators.  In particular, Thibodeaux is the only comparator specifically named in the *SAC*, though the allegation that Thibodeaux "is situated similarly to Plaintiff in rank and file" is

---

[2] In fact, Plaintiff's exhibits show that other officers interviewed by the AG's office investigators also raised issues about Plaintiff potentially committing payroll fraud, (*see* Doc. 61-1 at 16–21), and the Affidavit of Arrest included an accounting of "the times when Slaughter collected wages from the Sheriff's Office while working at the hospital," (*id.* at 30).

somewhat conclusory. (*SAC* ¶ 30, Doc. 58.)  In any event, Thibodeaux is alleged to have used his vacation time to work at the hospital. (*Id.*)  But Plaintiff was criminally accused of *not* using his leave time to work at the hospital during the work day. (*See* Doc. 59-2 at 2–3.)  While comparator analysis is typically more appropriate for the summary judgment stage than the motion to dismiss stage, *see Mitchell v. Darling Ingredients, Inc.*, No. 20-889, 2022 WL 458397, at *7–8 (M.D. La. Feb. 4, 2022) (deGravelles, J.) (collecting authorities), "a plaintiff must still allege sufficient facts to 'nudge their claims across the line from conceivable to plausible,' " *Papa v. Cap. One Nat'l Ass'n*, No. 21-1589, 2022 WL 906402, at *2 (W.D. La. Mar. 28, 2022) (quoting *Cicalese v. Univ. of Tex. Med. Branch*, 924 F.3d 762, 768 (5th Cir. 2019)).  Here the *SAC* is glaringly deficient in this area.  That is to say, on the face of the *SAC*, when stripped of its conclusions, and by Plaintiff's own admission, the two do not appear to be similarly situated.

Second, Plaintiff "must initially plead . . .  that, but for race, [he] would not have suffered the loss of a legally protected right," and the Court doubts whether the *SAC* "contains sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face under the but-for causation standard." *Comcast Corp. v. Nat'l Ass'n of Afr. Am.-Owned Media,* 140 S. Ct. 1009, 1019 (2020) (cleaned up).  Reading the *SAC* as a whole, Plaintiff was terminated, not but-for race, but rather because Defendant learned Plaintiff wanted to run against him in the Sheriff's race. (*See SAC* ¶¶ 15–18. Doc. 58.)[3]  While this conduct is petty, underhanded, and deplorable, it is not necessarily protected by § 1981.

---

[3] Again, Plaintiff specifically alleges:

> In early March 2017, Defendant became aware of Plaintiff's interest in running for Sheriff of Pointe Coupee Parish as a challenger to Defendant. . . . Defendant has run with no opposition for the past two terms of his service. [ ] *Shortly after learning of Plaintiff's interest in running for Sheriff*, Defendant called Plaintiff into his office and accused Plaintiff of filing false work time records.

Nevertheless, the Court need not resolve this question. Given the fact that Plaintiff completely failed to mention his § 1981 claim in his opposition, much less respond to Defendant's arguments about the claim, (*see* Doc. 61), the Court deems it waived under the above precedent. Accordingly, Plaintiff's § 1981 claim is also dismissed. *See Slaughter,* 592 F. Supp. 3d at 529–30 (citing, *inter alia*, *JTB Tools & Oilfield Servs.*, 831 F.3d at 601 (stating that, "to avoid waiver, a party must identify relevant legal standards and any relevant Fifth Circuit cases" and holding that, because appellant "fail[ed] to do either with regard to its underlying claims, . . . those claims [were] inadequately briefed and therefore waived" (cleaned up)).

For all these reasons, Defendant's motion will be granted in full.  Each of Plaintiff's claims will be dismissed.

### C.  Leave to Amend

Plaintiff does not seek in the alternative another opportunity to amend. Should he do so, the Court will deny such request.

Federal Rules of Civil Procedure 15(a) "requires a trial court to grant leave to amend freely, and the language of this rule evinces a bias in favor of granting leave to amend." *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005) (cleaned up). However, "[l]eave to amend is in no way automatic, but the district court must possess a 'substantial reason' to deny a party's request for leave to amend." *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014) (quoting *Jones*, 427 F.3d at 994 (citation and internal quotation marks omitted)). The Fifth Circuit further described the district courts' discretion on a motion to amend as follows:

> The district court is entrusted with the discretion to grant or deny a motion to amend and may consider a variety of factors including

---

(*SAC* ¶¶ 15–18, Doc. 58 (emphasis added).)  Similarly, Defendant allegedly called a press conference and alerted local media in advance of Plaintiff's arrest. (*Id.* ¶¶ 54–55.)

> "undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . ., and futility of the amendment." [*Jones*, 427 F.3d at 994] (citation omitted). "In light of the presumption in favor of allowing pleading amendments, courts of appeals routinely hold that a district court's failure to provide an adequate explanation to support its denial of leave to amend justifies reversal." *Mayeaux v. La. Health Serv. and Indent. Co.*, 376 F.3d 420, 426 (5th Cir. 2004) (citation omitted). However, when the justification for the denial is "readily apparent," a failure to explain "is unfortunate but not fatal to affirmance if the record reflects ample and obvious grounds for denying leave to amend." *Id.* (citation and internal quotation marks omitted).

*Id.*

In addition, the Fifth Circuit has made clear that "[d]enying a motion to amend is not an abuse of discretion if allowing an amendment would be futile." *Id.* (citing *Briggs v. Miss.*, 331 F.3d 499, 508 (5th Cir. 2003)). An amendment would be deemed futile "if it would fail to survive a Rule 12(b)(6) motion." *Id.* (citing *Briggs*, 331 F.3d at 508).

Having carefully considered the matter, the Court will not allow Plaintiff another opportunity to amend the operative complaint. First, as stated above, "repeated failures to cure deficiencies by amendments previously allowed" is a factor to consider when granting or denying leave to amend, as is undue delay. *Id.* (citation omitted). Here, Plaintiff had the benefit of the Court's ruling on Defendant's original motion to dismiss, yet Plaintiff failed to cure the deficiencies of the last complaint. Second, even putting this aside, further amendment would be futile; Plaintiff has shown, through his failure to properly amend, that he simply lacks viable claims and has no further allegations to make. Consequently, Plaintiff will be denied any leave to amend, and his claims will be dismissed with prejudice. *See Apollo Energy, LLC v. Certain Underwriters at Lloyd's, London*, 387 F. Supp. 3d 663, 679 (M.D. La. 2019) (deGravelles, J.) (denying leave to amend when plaintiff should have had notice of issue from court's ruling on original motion to

dismiss, and when further amendment would be futile); *Skinner v. Ard*, 519 F. Supp. 3d 301, 321–22 (M.D. La. 2021) (deGravelles, J.) (same).

IV.    **Conclusion**

Accordingly,

**IT IS ORDERED** that the *Motion to Dismiss Second Amended Complaint* (Doc. 59) filed by defendant, Beauregard Torres, III, is **GRANTED**, and all claims by Plaintiff against Defendant are **DISMISSED WITH PREJUDICE.**

Signed in Baton Rouge, Louisiana, on <u>March 14, 2023</u>.

 

 

_____
**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**